**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SCHULTZ,

        Plaintiff(s),

  v.

JUDGMENT RESOLUTION CORP.,

        Defendant(s),

_____/

No. C 87-06038 MHP

**MEMORANDUM & ORDER**

**Re: Thomas K. Bourke's Motion to Intervene**

9
10
11
12
13
14
15
16
17
18
19
20
21

In 1987, Richard Schultz ("Schultz") filed the present action against a number of defendants to recoup losses from his failed investments. After several years of litigation and following remand from Ninth Circuit Court of Appeals, the court entered a Final Consolidated Judgment Re Attorneys Fees on December 20, 1999 in favor of defendant Judgment Resolution Corporation ("JRC") as the successor and assignee in interest. In 2001, the United States brought a criminal action in the U.S. District Court for the Southern District of Ohio ("Ohio District Court") against various defendants for their involvement in a conspiracy to defraud Schultz's creditors. On June 1, 2007, the Ohio District Court entered a Restitution Opinion and Order awarding restitution to Thomas K. Bourke ("Bourke") and another creditor. Now before the court is Bourke's application to intervene as a matter of right in the present action, to address the collection and distribution of Schultz's assets. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

BACKGROUND

22
23
24
25

The chain of events which led Bourke to seek to intervene in the present action involves two related but distinct actions: the initial California civil action brought in this court—in which Bourke seeks to intervene—and a criminal suit brought in the Ohio District Court.

California Civil Action

26
27
28

Schultz planted the seeds of the California civil action over twenty years ago. See Schultz v. Hembree, 975 F.2d 573, 574 (9th Cir. 1992). At that time Schultz invested in a thoroughbred horse farm. Id. In 1987, Schultz sued Frank Bryant ("Bryant") in this court for securities fraud related to the farm. Id. Bourke, then a principal at Riordan & McKinzie P.C., represented Bryant in that

United States District Court

For the Northern District of California

1  action.  Bourke Second Dec. ¶ 26.  Bryant prevailed; the court awarded him $1,187,157.47 in

2  attorneys fees.  Def.'s Exh. 1.

3       Bryant subsequently transferred all or a portion of the award to Bourke.  Bourke Second Dec.

4  ¶ 2.  While Schultz was appealing the judgment to the Ninth Circuit, Bourke sold his interest in the

5  judgment to the Judgment Resolution Corp. ("JRC").  Bourke Second Dec. ¶ 3.  JRC was then

6  substituted as the party in interest.  Def.'s Exh. 2.  In 1998, Bourke entered into a Judgment

7  Purchase Agreement in which he released JRC and Schultz from and against any and all claims

8  pending on or before the date of that Agreement.  Bourke Second Dec. ¶ 3.  On remand, a Final

9  Consolidated Judgment Re Attorneys Fees was entered in favor of JRC against Schultz on December

10  20, 1999.  Def.'s Exh. 5.  Bourke had no interest in that Judgment.  See Bourke Second Dec. ¶ 2 &

11  3.

12  Ohio Criminal Action

13       In 2001, the United States brought a criminal action in Ohio District Court against the

14  president of JRC, Frank McPeak ("McPeak") and other defendants for assisting Schultz to defraud

15  his creditors, his ex-wife and the United States Government.  See United States v. Bogart, 490 F.

16  Supp. 2d 885, 891 (S.D. Ohio 2007).  The Ohio District Court sentenced McPeak and his co-

17  conspirators, pursuant to plea agreements, for the crimes of wire fraud, conspiracy to obstruct justice

18  and conspiracy to impede the IRS.  Id.  McPeak agreed to forfeit to the Government the judgements

19  against Schultz that had been entered in this case in favor of JRC.  Id.  Schultz was not a defendant

20  in the Ohio action.  See id.

21       Bourke subsequently applied for restitution in the Ohio criminal case.  See id.  In addition to

22  sentencing the conspirators, on June 1, 2007, the Ohio District Court found defendants jointly and

23  severally liable for restitution in the amount $744,424.66 to Bourke.  Id. at 892.  That figure

24  represented costs and fees resulting from Bourke's efforts to collect from, or defend himself against,

25  Schultz and defendants from the pre-1997 initiation of his collection activities through 1998 along

26  with costs to assist the IRS in investigating the Ohio criminal action.  Def.'s Exh. 7 at 11.  In

27  accordance with the Mandatory Victims Restitution Act of 1996 ("MVRA"), the United States took

28  control of the restitution and is responsible for collecting and forwarding each victim's share to him

1   or her.  18 U.S.C. § 3663A.  Accordingly, Bourke's interest in the final judgment arising out of the

2   June 1, 2007 Restitution Award ("the 2007 Award") from the Ohio criminal action is presently

3   represented by the United States Attorney's Office.  18 U.S.C. § 3612(c).

4        Bourke has not yet received his restitution award from the United States.  Bourke Second

5   Dec. ¶ 18.  Bourke bases his right to intervene solely pursuant to his interest in the 2007 Award.

6   Bourke Second Dec. ¶¶ 11–14, 18.

7   LEGAL STANDARD

8        An applicant is entitled to intervene as of right under Federal Rule of Civil Procedure

9   24(a)(2) if the following four conditions are met:

10       (1) it has a significant protectable interest relating to the property or
         transaction that is the subject of the action; (2) the disposition of that action
11       may, as a practical matter, impair or impede the applicant's ability to protect
         its interest; (3) the application is timely; and (4) the existing parties may not
12       adequately represent the applicant's interest.

13  United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (internal citation omitted).

14  The party seeking to intervene bears the burden of showing that all the requirements for intervention

15  have been met.  United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002).

16       A party seeking to intervene has a significantly protectable interest if the interest is protected

17  under the law and there is a "relationship" between the legally protected interest and the plaintiff's

18  claims. Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).  The "relationship" requirement is

19  generally satisfied only if the resolution of the plaintiff's claims actually will affect the applicant.

20  See Montana v. United States Envtl. Protection Agency, 137 F.3d 1135, 1141–42 (9th Cir.1998),

21  cert. denied, 525 U.S. 921 (1998); Greene v. United States, 996 F.2d 973, 976–78 (9th Cir.1993)

22  (holding that an applicant lacked a "significant protectable interest" when the resolution of the

23  action would not affect the applicant directly).  "[A] non-speculative, economic interest may be

24  sufficient to support a right of intervention."  Alisal, 370 F.3d at 919.  However, "an economic

25  interest must be concrete and related to the underlying subject matter of the action."  Id.

26  DISCUSSION

27  I.    Significantly Protectable Interest

28

United States District Court

For the Northern District of California

3

United States District Court

For the Northern District of California

1    Bourke's sole stated interest in this action is to address the collection and distribution of

2  Schultz's assets in order to obtain the 2007 Award from the Ohio criminal action.  Bourke Second

3  Dec. ¶¶ 11–14, 18.  In order for this court to grant intervention in the present action, Bourke bears

4  the burden of asserting a significantly protectable interest relating to the property or transaction that

5  is the subject of this action.  Bourke's only asserted interest in this or indeed any action is an

6  economic interest.  As such, it must be at a minimum "concrete" and bear a "relationship" to the

7  plaintiff's claims in order to be protectable.  Alisal, 370 F.3d at 919.

8    Bourke's interest in obtaining the 2007 Award through addressing Schultz's assets is not an

9  interest protectable by this court, because it is not a "concrete" interest in the resolution of the

10  present action and because there is no "relationship" between the resolution of the plaintiff's claims

11  herein and Bourke's interest in the 2007 Award.  When Bourke sold his rights to attorneys' fees to

12  JRC in 1998, JRC was substituted in the present action as the assignee and successor in interest.

13  Def.'s Exh. 4.  Once JRC was substituted, it took over Bourke's interests in Schultz's assets.  See id.

14  From that time on, Bourke no longer had an interest, concrete or otherwise, related to Schultz's

15  original claims in the present action.  The Judgment Purchase Agreement memorialized the release

16  of JRC and Schultz from and against any and all claims pending on or before the date of that

17  Agreement.  Bourke Second Dec. ¶ 3.

18    Bourke has failed to demonstrate that he is entitled to intervene in this case because his

19  interest in addressing the prospective collection and distribution of the 2007 Award is not

20  sufficiently related to the claims brought by Schultz in the present action.  Accordingly, the court

21  holds that interest in addressing Schultz's assets and obtaining his 2007 Award from the Ohio

22  criminal case does not constitute a "significantly protectable interest" for purposes of intervening in

23  the present action.  Because Bourke does not have a legally protectable interest sufficient to satisfy

24  the first requirement for intervention as of right, it is wholly unnecessary to reach the merits of the

25  other intervention factors.  See Fed. R. Civ. P. 24(a)(2); United States v. City of Los Angeles, 288

26  F.3d 391, 397 (9th Cir. 2002).  Failure on any one of the four prongs defeats the applicant's motion

27  to intervene as of right.  Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir.1996).

28  II.    Improper Jurisdiction

4

United States District Court

For the Northern District of California

1    Indeed, this court does not even have jurisdiction over the underlying subject matter that is

2  related to the collection and distribution of the 2007 Award.  The Ohio District Court has

3  jurisdiction over the 2007 Award and the conspiracy underlying the enforcement action brought by

4  the United States which ultimately led to that award.  <u>See</u> <u>United States v. Bogart</u>, 490 F. Supp. 2d

5  885 (S.D. Ohio 2007).  Because this court does not have jurisdiction over the 2007 Award, it cannot

6  protect Bourke's interest in that award.

7    As noted at oral argument, although this court does not have jurisdiction over the 2007

8  Award, Bourke has a means available to protect his share of the 2007 Award through the Ohio

9  District Court.  Under the MVRA, Bourke, as a victim, is entitled to protect his interest by obtaining

10  an abstract of judgment to act as a lien on the property of the defendants.  18 U.S.C.

11  § 3664(m)(1)(B).[1]  There is nothing in the record to suggest that Bourke has pursued this means of

12  obtaining his restitution.

13

14  CONCLUSION

15    For the foregoing reasons, Bourke's motion to intervene is DENIED.

16    IT IS SO ORDERED.

17

18  Dated: September 12, 2008

19    MARILYN HALL PATEL
      United States District Court Judge
20    Northern District of California

21

22

23

24

25

26

27

28

5

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ENDNOTES**

1.      The text of 18 U.S.C.A. § 3664(m)(1)(B) reads,

At the request of a victim named in a restitution order, the clerk of the court shall issue an abstract of judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order. Upon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located, the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.